UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TAI'JAE HAYNES ) <br> 4671 Country Lane Apt. 314 ) <br> Warrensville Heights, Ohio 4412 ) <br> ) <br> on behalf of herself and all others similarly ) <br> situated, ) <br> ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BEACHWOOD CINEMA, LLC D/B/A ) <br> SILVERSPOT CINEMA ) <br> c/o Statutory Agent Corporation Service ) <br> Company ) <br> 50 West Broad Street, Suite 1330 ) <br> Columbus, Ohio 43215 ) <br> ) <br>     Defendant. ) | CASE NO. <br><br> JUDGE <br><br><br><br> **PLAINTIFF'S COMPLAINT** <br><br> (Jury Demand Endorsed Herein) |

Now comes Plaintiff Tai'Jae Haynes by and through the undersigned counsel, and for her Complaint against Beachwood Cinema, LLC d/b/a Silverspot Cinema ("Defendant"), states and alleges the following:

**INTRODUCTION**

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its tipped, non-exempt employees, including Plaintiff and other similarly situated employees, the applicable minimum wage for all of the hours they worked and overtime compensation at the rate of one and one-half times their regular rate of pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant maintains a physical presence in Cleveland, Ohio, conducts business throughout this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff was a resident of Cuyahoga County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S. § 203(e) and R.C. § 4111.03(D)(3).

7. At all times relevant herein, Defendant Beachwood Cinema, LLC was a limited liability company organized and existing under the laws of the State of Ohio, doing business as Silverspot Cinema.

8. At all times relevant herein, Defendant maintained a physical presence at 10 Park E Drive, Suite 218, Beachwood, Ohio 44122.

9. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

10. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

11. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

13. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

14. Defendant operates a movie theater in Beachwood, Ohio which includes food and bar service before the moving screening.

15. Defendant employed Plaintiff between September 2018 and September 2019 and as a server.

16. Plaintiff received an hourly wage that was less than the minimum wage plus tips.

17. Other similarly situated servers were paid an hourly wage that was less than the minimum wage (e.g., $5.25) plus tips.

18. Defendant required Plaintiff and other similarly situated servers to share tips with employees who do not customarily and regularly receive tips, including housekeeping employees.

19. Plaintiff frequently worked over 40 hours per week.

**(Failure to Pay the Minimum Wage)**

20. By requiring Plaintiff and other similarly situated servers to share tips with employees who do not customarily and regularly receive tips, Defendant paid Plaintiff and other similarly situated servers were paid less than the applicable minimum wage for the hours they worked each workweek.

21. The FLSA provides where tipped employees are required to contribute to a tip pool

that includes employees who do not customarily and regularly receive tips, they are owed the full minimum wage for each hour worked, and reimbursement of the amount of tips that were improperly contributed to the tip pool.

### (Failure to Pay Overtime Compensation)

22. Plaintiff and other similarly situated servers worked more than 40 hours each week, but Defendant failed to pay Plaintiff and other similarly situated servers overtime compensation for the hours they worked over 40 each workweek at the rate of one- and one-half times the applicable minimum wage.

### (Failure to Keep Accurate Records)

23. Upon information and belief, Defendant failed to make, keep and preserve accurate records of all of the unpaid work performed by Plaintiff and other similarly situated servers.

### (Defendant Willfully Violated the FLSA)

24. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

26. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All former and current servers employed by Beachwood Cinema, LLC d/b/a Silverspot Cinema at any time between January 2, 2017 and the present.

27. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of more than several hundred persons.

28. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid minimum wages and overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as her own in bringing this action.

29. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class ("the Ohio Class") defined as:

> All former and current servers employed by Beachwood Cinema, LLC d/b/a Silverspot Cinema at any time between January 2, 2017 and the present.

31. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least 50 persons.

32. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

  (a) whether Defendant failed to pay overtime compensation to its employees for hours worked in excess of 40 each workweek;

  (b) whether Defendant failed to pay the applicable minimum wage to its employees for all hours worked; and

  (c) what amount of monetary relief will compensate Plaintiff and other members of the class for Defendant's violation of R.C. §§ 4111.03 and 4111.10.

33. The claims of the named Plaintiff are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims rise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of the other Ohio Class members.

34. The named Plaintiff will fairly and adequately protect the interests of the Ohio Class. Her interest is not antagonistic to, but rather is in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

35. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

36. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims

individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
**(Fair Labor Standards Act Violations)**

37. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

38. Defendant's practice and policy of not paying Plaintiff and other similarly situated servers the minimum wage the hours they worked in a workweek violated the FLSA, 29 U.S.C. § 206.

39. Defendant's practice and policy of not paying Plaintiff and other similarly situated servers overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. § 207.

40. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated servers violated the FLSA, 29 C.F.R. § 516.2(a)(7).

41. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

42. As a result of Defendant's practices and policies, Plaintiff and other similarly situated servers have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
**(OMFWSA Violations)**

43. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

44. Defendant's practice and policy of not paying Plaintiff and other similarly situated servers the minimum wage for the hours they worked in a workweek violated the OMFWSA, R.C. § 4111.14.

45. Defendant's practice and policy of not paying Plaintiff and other similarly situated servers overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the OMFWSA, R.C. § 4111.03.

46. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA, R.C. § 4111.03.

47. As a result of Defendant's practices and policies, Plaintiff and other similarly situated servers have been damages in that they have not received wages due to them pursuant to the OMFWSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the class she represents actual damages for unpaid wages;

D. Award Plaintiff and the class she represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the class she represents pre- and post-judgment interest at the statutory rate;

F.	Award Plaintiff and the class she represents attorneys' fees, costs, and disbursements; and

G.	Award Plaintiff and the class she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

 /s/ Lori M. Griffin
Lori M. Griffin (0085241)
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
The Heritage Bldg., Suite 250
34555 Chagrin Blvd.
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

 /s/ Lori M. Griffin
One of the Attorneys for Plaintiff